**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CHAPTER 7** |
| **Timothy Clifford Rhyne,** | ) | |
| | ) | **Case No. 09-72100** |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **Timothy Clifford Rhyne,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **No. 15-07013** |
| | ) | |
| **Donald Rhyne and** | ) | |
| | ) | |
| **Philip Rhyne,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon a Complaint filed by the Debtor, Timothy Clifford Rhyne ("Debtor" or "Plaintiff"), pursuant to Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105(a), and 11 U.S.C. § 524, for entry of an Order holding Donald Rhyne and Philip Rhyne, personal representatives and/or co-executors of the Estate of Mildred Rhyne ("Defendants"), in contempt and for an injunction against Defendants. The Defendants filed a Motion to Dismiss on June 29, 2015. A hearing was held on August 19, 2015, where counsel for the parties represented that the matter could be submitted on a Stipulation of Facts. The Court afforded the parties an opportunity for submission of further authority on the motion and took the matter under advisement. The parties filed a Joint Stipulation of Facts, the Debtor filed a

Response, and the Defendants filed a Reply Brief. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(d) of the Federal Rules of Civil Procedure, the Court will treat the Motion to Dismiss as a Motion for Summary Judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure. For the reasons stated herein, the Motion is granted.

## FINDINGS OF FACT[1]

The facts of this case are not in dispute. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, on August 17, 2009. The Debtor listed his mother, Mildred Leftwich Rhyne ("Creditor" or "Mildred Rhyne"), as a creditor in Schedule F of his bankruptcy schedules for money loaned, prior to the Debtor filing his bankruptcy case, in the amount of Eighty-Seven Thousand Dollars ($87,000.00) (the "Loan"). The Creditor did not file any objection to the Debtor's discharge and no reaffirmation agreement was entered and filed with the Court for the Loan. The Court granted the Debtor a discharge on November 17, 2009.

Nearly two years later, on September 16, 2011, Mildred Rhyne executed a Last Will and Testament (the "Will") in Forsyth County, North Carolina. Item IV of the Will states the following:

> **Residuary Gift.** I give, devise and bequeath all the rest, residue and remainder of my property of every kind and description (including lapsed legacies and devises) wherever situate and whether acquired before or after the execution of this Will, absolutely in equal shares to my children, **Donald Wayne Rhyne**, **Timothy Rhyne**, and **Philip Eugene Rhyne**, who shall survive me; provided however, the issue of a deceased child surviving me shall take per stirpes the share their parent would have taken had he survived me. It is my intent that my children who survive me

---

[1] Where appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052, 9014(c).

2

> shall share in my estate equally.  At the time I make this Will, my son, **Timothy Clifford Rhyne**, has an outstanding loan to me in the amount of Eighty-Seven Thousand Dollars ($87,000.00).  To the extent that my Personal Representative is able to determine how much of this loan remains unpaid to me at the time of my death, my Personal Representative is directed to take into account the amount of the outstanding loan so that upon final distribution, each of my children shall receive a one-third (1/3) share of my estate.  My Personal Representative shall have full authority to make the determination as to how much of this loan remains outstanding, if any, and the decision of my Personal Representative in this regard shall be final and binding on all persons interested in my estate.

Joint Stipulation ¶ 10; Stipulated Ex. A.

Mildred Rhyne died on July 1, 2014, survived by her three sons, the Debtor and the Defendants.  At the time of her death, Mildred Rhyne was a resident of Forsyth County, North Carolina.  Joint Stipulation ¶ 11.  Following Mildred Rhyne's death, her personal property was divided by agreement among her sons.  Joint Stipulation ¶ 12.  The three sons shared equally in brokerage accounts passing by survivorship and as beneficiaries on life insurance policies; the accounts and policies provided each of Mildred's three sons approximately $100,000.00.  *Id.*

The only assets remaining in the Estate of Mildred Rhyne after the division of the personal property are a checking account with a balance of less than $600.00, and Mildred Rhyne's former residence, believed to be worth approximately $132,100.00.  *Id.* The three sons paid approximately $5,000.00 each into the Estate of Mildred Rhyne for expenses of the testamentary estate.  *Id.*

The Debtor made no pre-petition or post-petition payments on the Loan.  Joint Stipulation ¶ 13. On August 15, 2014, Counsel for the Debtor sent Counsel for the Estate of Mildred Rhyne a letter (the "August 15, 2014 Letter") with information about the Debtor's bankruptcy case, including a copy of the Discharge Order and Schedule F of the

3

Debtor's schedules, and alleging that "[a]t the time of the execution of [Mildred] Rhyne's Will, [Debtor] did not owe her any money" and that "[a]ny attempt by the Estate of Mildred Rhyne to collect any monies allegedly owed from [Debtor] to Mildred Rhyne will be a violation of the Bankruptcy Court's discharge order."  Stipulated Ex. B; *see also* Joint Stipulation ¶ 14.

On October 23, 2014, the Estate of Mildred Rhyne, through Counsel, responded to the August 14, 2014 Letter, stating that it "agree[s] with [Counsel for Debtor] that the estate could not try to collect the $87,000.00 which [the Debtor] owed [Mildred Rhyne], because the loan was discharged in bankruptcy" (the "October 23, 2014 Letter"). Stipulated Ex. C; *see also* Joint Stipulation ¶ 15.  The October 23, 2014 Letter went on to state,

> However, [Mildred] Rhyne was free to divide her estate any way she chose.  She could have left everything to just one child or left everything to charity and nothing to any of her children.  She had the right to determine how her estate was going to be divided and she chose to leave $87,000.00 less to [the Debtor] than she did to her other two (2) sons, to make up for the fact that she had previously given $87,000.00 to [the Debtor].  The estate is not trying to collect $87,000.00 from [the Debtor], it is merely following [Mildred] Rhyne's direction to equalize what she has done for each of her three children.

Joint Stipulation Ex. C.  The letter went on to state,

> Fortunately for [the Debtor], much of [Mildred] Rhyne's property passed directly to the three (3) children and therefore cannot be used to even up the shares of the three (3) children.  The only real asset available to even up the shares is [Mildred] Rhyne's house, located at 5837 Amberwood Drive, Pfafftown, NC.  The 2014 tax value of the house and lot is $132,100.00.  Therefore, it is not worth enough to completely offset the $87,000.000 which [Mildred] Rhyne gave to [the Debtor].  However, since that is the only asset available, it is the asset which must be used to try to true up the shares for [the Defendants].

4

*Id.* The October 23, 2014 Letter further suggested that the Debtor either (1) sign a quitclaim deed for his interest in the house to Defendants, or (2) allow for the administration of the Estate of Mildred Rhyne "so that the Clerk's office [of Forsyth County, North Carolina] can Order that the house be deeded to [the Defendants] to carry out the terms of [Mildred] Rhyne's Will." *Id.*

On March 5, 2015, Defendants qualified as Co-Executors of the Estate of Mildred Rhyne in Forsyth County, North Carolina. Joint Stipulation ¶ 16. Thereafter, on April 14, 2015, Defendants, as Co-Executors of the Estate of Mildred Rhyne, commenced an action in the Forsyth County (N.C.) Superior Court against the Debtor (the "Forsyth County, N.C. Petition"), alleging, *inter alia*, that the Debtor "has an outstanding loan to [Mildred Rhyne] in the amount of $87,000.00" and directing the personal representative[s] to "determine how much of the loan is unpaid at the time of [Mildred Rhyne's] death." Stipulated Ex. D ¶ 5; *see also* Joint Stipulation ¶ 17. The Forsyth County, N.C. Petition further requested that the personal representative[s] "take into account the amount of the outstanding loan, so that when final distribution is made, each of [Mildred Rhyne's] three children receives an equal share of her estate." Stipulated Ex. D ¶ 5.

On June 5, 2015, the Debtor initiated this adversary proceeding against the Defendants by filing a Complaint, seeking entry of an Order to permanently suspend any attempt to collect on the debt, to permanently enjoin the continuance of the suit filed in the Forsyth County (N.C.) Superior Court and against the institution of a new lawsuit in regards to the Debtor's discharged debt. Compl. p. 4. The Complaint also seeks to enjoin the Estate of Mildred Rhyne from offsetting the discharged debt from Debtor's

5

inheritance, requests that the Court hold Defendants in contempt for their alleged "willful violations of this Court's Discharge Order and the injunctive provisions of 11 U.S.C. § 524," and requests that the Court award sanctions, including an award of damages and attorney's fees against the Defendants.  Compl. p. 4.

In their Motion to Dismiss, the Defendants contend that "[t]he clear intent of [the Will], made two years after the discharge of [P]laintiff's $87,000[.00] obligation to her, is that the [P]laintiff's share of her residuary estate be reduced by the unpaid balance of the obligation."  Defs.' Mot. To Dismiss ¶ 1.  In addition, the Defendants allege that the Plaintiff seeks to alter the terms of the Will, and to require the Executors of the Estate of Mildred Rhyne to give a larger portion of the testamentary estate to the Plaintiff than Mildred Rhyne intended.  *Id.* at ¶ 7.  Defendants further claim that they seek only to carry out the terms of the Will.  *Id.* at ¶ 8.

The Court held a hearing on August 19, 2015, following which the Court issued deadlines for the filing of the Plaintiff's Response to the Defendants' Motion to Dismiss, the Defendants' Reply Brief, and the Stipulation of Facts.

In the Plaintiff's Response to the Defendants' Motion to Dismiss, dated September 2, 2015, the Plaintiff argued that (1) the Defendants are attempting to collect, as a personal liability, the discharged debt that the Debtor owed Mildred Rhyne by filing the Forsyth County, N.C. Petition to take the Debtor's one-third (1/3) interest in the real estate formerly owned by Mildred Rhyne to pay the debt; (2) the Debtor is exposed to personal liability; and (3) the Defendants' actions were willful.

In the Defendants' Reply Brief dated September 9, 2015, the Defendants argued that, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule

6

12(d) of the Federal Rules of Civil Procedure, the matter should now be heard as a motion for summary judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure.  In addition, the Defendants argued that the plain language of the Will makes it clear that the Debtor's share in the residue of the Estate of Mildred Rhyne is to be calculated after taking into account the unpaid portion of the $87,000.00 obligation owed to Mildred Rhyne, and that the Debtor's discharge did not extinguish the debt but merely released the Debtor from personal liability, i.e., the debt still exists.  Further, the Defendants argued, given the unpaid obligation and the $132,100.00 value of the home, under the terms of the Will, no interest vested in the Debtor.  Finally, the Defendants argued that the filing of the Forsyth County, N.C. Petition was to implement the terms of the Will, and thus, the Defendants have done nothing in violation of 11 U.S.C. § 524.

After hearing argument by counsel, the Court took the pending matter under advisement while awaiting the filing of the aforementioned Stipulation of Facts, the Plaintiff's Response, and the Defendants' Reply Brief.

### CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G), (I), and (O).

As a preliminary matter, pursuant to Rule 7012(b) and Rule 12(d) of the Federal Rules of Civil Procedure, the Defendants' Motion to Dismiss must now be treated as a Motion for Summary Judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure because matters outside the pleadings were presented to and not excluded by the Court and all parties were given a reasonable opportunity to present all the material that is pertinent to the motion. *See Eldridge v. Bouchard*, 620 F. Supp. 678, 680 (W.D. Va. 1985). The Court must grant summary judgment where the movant "shows that there is no genuine dispute as to any material fact" and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also* Fed. R. Bankr. P. 7056 (stating that Rule 56 applies in adversary proceedings). The United States Supreme Court has determined that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Under Rule 56, the movant bears the initial burden of showing that no material issues of fact exist. *See Wachovia Bank, N.A. v. Commonwealth Sprinkler Co. (In re Commonwealth Sprinkler Co.)*, 296 B.R. 694, 699 (Bankr. E.D. Va. 2001). Once the movant demonstrates that no genuine issues of material fact exist, the burden shifts to the party opposing summary judgment to establish that questions of fact do exist. *See Comerica Bank, N.A. v. Weinhardt (In re Weinhardt)*, 156 B.R. 677, 679 (Bankr. M.D. Fla. 1993). Ultimately, the court must then view the evidence presented in a light most favorable to the nonmoving party. *See Interim Inv. Comm. v. Jacoby*, 90 B.R. 777, 780 (Bankr. W.D.N.C. 1998), *aff'd*, 914 F.2d 1491 (4th Cir. 1990).

Section 524(a)(2) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The discharge injunction created by Section 524(a)(2) broadly applies to "not only legal proceedings, but also any other acts to collect a discharged debt as a personal liability of the debtor, whether or not discharge of the debt has been waived." 4 *Collier on Bankruptcy* ¶ 524.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also Martin v. Avco Fin. Servs. (In re Martin)*, 157 B.R. 268, 275 (Bankr. W.D. Va. 1993) (concluding that post-petition collection efforts to obtain a judgment and garnishment against certain collateral violated the discharge injunction). Like the automatic stay of Section 362(a), the discharge injunction is the equivalent of a court order, and thus, any violation of it can be sanctioned as contempt of court. *Id.*; *see also Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011); *Myers v. Beneficial Fin. Co. of Va. (In re Myers)*, 18 B.R. 362 (Bankr. E.D. Va. 1982).

Post-discharge lawsuits, including those in state court, to enforce a discharged debt as a personal liability are clearly prohibited. *In re Alexander,* 300 B.R. 650, 658 (Bankr. E.D. Va. 2003). It is also held "that the injunction of § 524(a)(2) which enjoins creditors from offsetting any debt which has been discharged refers only to the setoff of a post-petition debt owed by a creditor to the debtor which the creditor would then seek to setoff against a pre-petition discharged debt owed by the debtor to the creditor." *In re Conti*, 50 B.R. 142, 149 (Bankr. E.D. Va. 1985). However, this is not a "setoff" case.

9

This case involves the construction and implementation of the Will of the Debtor's mother. Nothing more.[2]

The Court agrees with the Defendants' position that the filing of the Forsyth County, N.C. Petition, which seeks to administer the Will, does not violate the discharge injunction. It is neither an *in rem* claim to enforce a lien that survived the bankruptcy discharge, nor is the state court action an *in personam* action to recover a post-petition debt that was discharged in the Debtor's Chapter 7 case. The Defendants do not seek to collect an obligation owed by the Debtor, but merely seek to carry out the intention of Mildred Rhyne as expressed in her Will.

By the plain language of the Will, the Debtor's bequest was tied to whether and to what extent the pre-petition loan was repaid. The Debtor's mother was scheduled as a creditor in the Debtor's bankruptcy proceeding, and she got notice of the discharge order. Her Will was written well after that fact, nearly two years later, and there is no suggestion that she was incompetent or incapable of handling her affairs. She could have left everything in her estate to the Debtor—or left him nothing at all. It was her choice. If she wanted to condition the bequest, which she was not obligated to make to him, by conditioning it or reducing it on repayment of the loan, that was up to her. She did not have to leave him anything. The Will specifically provides "[i]t is my intent that my children who survive me shall share in my estate equally," immediately before the

---

[2] In his August 15, 2014, letter to counsel for Ms. Rhyne's estate, counsel for the Debtor stated, "[a]t the time of the execution of Ms. Rhyne's Will, [the Debtor] did not owe her any money." Plaintiff's Exhibit B. This is not entirely correct. As the court noted in *Rountree*, it "is important to keep in mind that a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability which, by virtue of section [] 524(a)(2) bars its enforcement against [the debtor]."I*n re Rountree*, 448 B.R. 389, 411 (Bankr. E.D. Va. 2011) (quoting *In re Craig*, 325 B.R. 804, 806 (Bankr. N.D. Iowa 2005)) (internal citations omitted). The Debtor's prior act of borrowing $87,000.00 from his mother still took place, and Mildred Rhyne was free to consider the discharged debt when drafting her Will.

10

outstanding loan to the Debtor is mentioned.  Joint Stipulation, Ex. A., Item IV.  The language of her Will evidences an intent to "true-up" the bequests to her three sons.  The post-petition bequest was not an entitlement to which the Debtor was guaranteed to receive, and there is no impairment of his "fresh start" in that regard.  As stated in *In Re Hardy*, 209 B.R. 371, 379-80 (Bankr. E.D. Va. 1997), "[w]hile the Court is aware of the national bankruptcy policy of giving a financial fresh start to the debtor, the Court is also aware of the mitigating national policy, as pronounced by Senator Orin Hatch of Utah, to 'ensure that a fresh start does not become a head start.'"

The Court concludes that the filing of the Forsyth County, N.C. Petition is not an "act" to collect a debt, but merely a request to the North Carolina state court to interpret the provisions of a will that was executed in North Carolina.  The interpretation of a testator's last will and testament is a state law issue best left to the state courts to decide in order to "reduce uncertainty, discourage forum shopping, and to prevent a party from receiving 'a windfall merely because of the happenstance of bankruptcy.'"  *Butner v. United States*, 440 U.S. 48, 55 (1979) (citing *Lewis v. Manufacturers Nat'l Bank*, 364 U.S. 603, 609 (1961)).  Finding that no "act" to collect on a discharged debt has occurred, and further determining that the interpretation of the Will, and the impact it may have on Ms. Rhyne's testamentary estate assets, are issues best left for the Forsyth County (N.C.) Superior Court to decide, the Court will grant the Defendants' Motion for Summary Judgment and dismiss the Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' Motion for Summary Judgment and dismiss the Plaintiff's Complaint.  There is no genuine dispute

as to any material fact, and viewed in a light most favorable to the Plaintiff, the nonmoving party, the Court finds that the Defendants are entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56. An Order to such effect will be entered contemporaneously herewith.

Decided this 24th day of September, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE